UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANGELA ALSTON, | ) | CASE NO. 1:10 CV 2598 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CBS NEWS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 15, 2010, plaintiff *pro se* Angela Alston filed this *in forma pauperis* action against CBS News and Jim Axelrod. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

The complaint states in its entirety as follows:

I was at home watching T.V. by myself and their was a special Presidential Report on every main local Cleveland television channel where in 2005 in the summer they had President George W. Bush addressing a issue and then answering questions by reporters and he would call them by they're first name and let them ask questions. Well Jim Axelrod the CBS Chief White house correspondent jumps up without asking and says what about that woman in Cleveland? President George W. Bush said I am not having sex with that woman Jim Read between the lines America I'm going to visit the lady in Africa. I am suing for defamation and conspiracy. I am seeking money damages and that he be put in jail. He also said this to bill Clinton and caused Sept 11, 2001.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim.  *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief); *see also*, *Denton v. Hernandez*, 504 U.S. 25 (1992)(finding of frivolousness is appropriate if allegations rise to the level of irrational or wholly incredible).

The court takes judicial notice of its own records in observing that this is at least the <u>fourth</u> frivolous lawsuit filed by plaintiff and summarily dismissed by this court.[2]  Federal

---

[1]  A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2]  See Case Nos. 1:10 CV 2414 (FOIA request regarding records connected with Axelrod questions to Presidents Bush and Clinton); 1:10 CV 1574 (Axelrod questions, presidents responsible for baby having HIV); and 1:08 CV 2995 (falsely arrested, brainwashed, locked up in mental institution).

courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[3]

Plaintiff has established a pattern of filing complaints in this court which are patently frivolous and vexatious. Accordingly, Angela Alston is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

> 1. She must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document she

---

[3] Other circuits have endorsed enjoining these types of filers. *See, Day v. Allstate Ins. Co.*, 788 F.2d 1110 (5th Cir.1986); *Cotner v. Hopkins*, 795 F.2d 900 (10th Cir. 1986); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir. 1984); *In re Martin-Trigona*, 763 F.2d 140 (2d Cir. 1985); *In re Green*, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); *Green v. Warden*, 699 F.2d 364 (7th Cir. 1983), *cert. denied*, 461 U.S. 960 (1983); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (per curiam); *Gordon v. Dep't of Justice*, 558 F.2d 618 (1st Cir. 1977); *Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972).

      proposes to file and she must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).

      2. As an exhibit to any motion seeking such leave, she must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by her in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

      3. By means of a second exhibit, she must identify and list: (a) the full caption of each and every suit which has been previously filed by her or on her behalf in any court against each and every defendant in any new suit she wishes to file, and (b) the full caption of each and every suit which she has currently pending.

      4. As a third exhibit to the motion, she must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which she may be punished accordingly.

Further, to prevent further vexatious filings by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Alston prior to her obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order

Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

  (2) The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Alston files, unless and until leave is granted.

  Accordingly, plaintiff's request to proceed _in forma pauperis_ is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

  IT IS SO ORDERED.


       _/s/Dan Aaron Polster 1/11/11_
       DAN AARON POLSTER
       UNITED STATES DISTRICT JUDGE